UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Sabo,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Vox Media, LLC and Draftkings, Inc.<br><br>　　　　　　　Defendant. | Case No:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Robert Sabo ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Vox Media, LLC and defendant Draftkings, Inc. ("*Defendants*") states and alleges as follows:

**INTRODUCTION**

1.　This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.　Plaintiff created a photograph of professional National Football League player Daniel Jones (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.　Defendant Vox Media is a media company.

4.　Defendant Draftkings, Inc. is a publicly traded company that operates a digital sports entertainment and gaming company in the United States and internationally. It provides online sports betting and casino, daily fantasy sports, media, and other consumer products, as well as retail sportsbooks.

5.　Defendants Vox Media and Draftkings, Inc. are engaged in a website partnership and own and operate a website at domain www.dknation.draftkings.com (the "*Website*") dedicated

1

to providing expert sports betting and fantasy sports content.

6. Defendants own and operate a YouTube account with the name "@draftkings" (the "*Account*").

7. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website as well as the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Robert Sabo is an individual who is a citizen of the State of New York and maintains a principal place of business in Westchester County, New York.

9. Upon information and belief, defendant Vox Media, LLC, is a Delaware limited liability company with a principal place of business at 1201 Connecticut Avenue NW, 11th Floor, Washington in District of Columbia County, District of Columbia.

10. Upon information and belief, defendant Draftkings, Inc., is a Nevada business corporation with a principal place of business at 11 Park Place, New York, New York 10007.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. Upon information and belief, this Court has personal jurisdiction over Defendants because they maintain a principal place of business in New York County.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

14. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph

portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. On February 19, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

19. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

20. On March 30, 2023, the Photograph was registered by the USCO under Registration No. VA 2-345-293.

21. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

22. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

**B.     Defendants' Infringing Activity**

23. Defendants are the registered owners of the Website and are responsible for its content.

24. Defendants are the operators of the Website and are responsible for its content.

25. Defendants are the registered owner of the Account and are responsible for its content.

26. Defendants are the operators of the Website and are responsible for its content.

27. The Account is a part of and used to advance Defendants' commercial enterprises.

28. The Website is a key component of Defendants' popular and lucrative commercial enterprises.

29. The Website is monetized in that it contains paid advertisements and promotes the

business to the public and, upon information and belief, Defendants profit from these activities.

30. On or about February 21, 2023, Defendants displayed the Photograph on the Website as part of an on-line story at URL: https://dknation.draftkings.com/2023/2/21/23608875/daniel-jones-contract-salary-rumors-franchise-tag-saquon-barkley-michael-lombardi-gm-shuffle-podcast ("*Infringement 1*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

31. Further, Defendants displayed the Photograph on the Account as part of a YouTube video at URL: https://www.youtube.com/watch?v=T9C35u4j3pA ("*Infringement 2*"). A copy of a screengrab of the Account including the Photograph is attached hereto collectively as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendants volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website as well as the Account.

33. Upon information and belief, the Photograph was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

34. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35. The Infringements are exact copies of Plaintiff's original image that were directly copied and displayed by Defendants on the Website as well as the Account.

36. Upon information and belief, Defendants takes an active and pervasive role in the content posted on its Website as well as its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

37. Upon information and belief, the Photograph was willfully and volitionally posted

to the Website as well as the Account by Defendants.

38. Upon information and belief, Defendants was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

39. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

40. Upon information and belief, Defendants has the legal right and ability to control and limit the infringing activities on its Website as well as its Account and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendants monitors the content on its Website as well as its Account.

42. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

43. Upon information and belief, the Infringements increased traffic to the Website as well as the Account and, in turn, caused Defendants to realize an increase in its business revenues.

44. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website as well as the Account.

45. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46. Defendants' use of the Photograph harmed the actual market for the Photograph.

47. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48. On September 12, 2023, Plaintiff, via counsel, served a letter on defendant Vox Media seeking to address the complaints contained herein concerning Defendants' infringement of Plaintiff's rights-protected work.

5

49. Despite Plaintiff's efforts and willingness to address Defendants' infringing activity, Defendants failed to respond, and Plaintiff was forced to seek judicial intervention for Defendants' infringing activity.

50. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendants continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

51. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

52. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

54. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55. Plaintiff has not granted Defendants a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

58. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial

benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website as well as the Account.

59. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

61. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

62. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

63. The Photograph as originally published in the New York Post, at URL: https://nypost.com/2023/02/19/giants-daniel-jones-switching-agents-as-contract-negotiations-loom/, contained a "gutter credit" attributing Plaintiff as the author of the work. Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screengrab of the Original Source page is attached hereto as Exhibit 3.

64. Defendants distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendants' display of the Photograph on the Website or the Account.

65. Upon information and belief, Defendants' distribution of containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

66. Upon information and belief, Defendants had reasonable grounds to know that its distribution of the infringing article and YouTube video containing the Photograph would induce, enable, facilitate, or conceal an infringement.

67. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendants also removed the metadata from the Photograph.

68. Defendants' conduct violates 17 U.S.C. § 1202(b).

69. Plaintiff has sustained substantial injury and monetary damages as a result of Defendants' wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendants, in an amount to be proven at trial.

70. As a result of Defendants' violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendants attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

71. As a result of the Defendants' violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendants.

**JURY DEMAND**

72. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendants violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f. for pre-judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: May 15, 2024

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128081

*Attorneys for Plaintiff*